UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**Pablo Abreu**
2081 Matthews Ave
2nd Floor
Bronx, New York 10462

        Plaintiff,

v.

**Howard University**
2400 6th St NW
Suite 440
Washington, DC 20059
        Defendant.

Case#

## COMPLAINT AND JURY DEMAND

**COMES NOW** Plaintiff, Pablo Abreu, by and through counsel, and hereby moves this Honorable Court for judgment in this civil action against Defendant Howard University, College of Medicine (hereinafter "College of Medicine"), and in support thereof states as follows:

### PARTIES

1. Plaintiff, Pablo Abreu is a resident of the State of New York.

2. Defendant, Howard University College of Medicine is a private institution of higher learning located in the District of Columbia.

### JURISDICTION & VENUE

3. Diversity jurisdiction lies with this Court because Plaintiff and Howard University are citizens of different states. Amount in controversy exceeds $75,000.

4. Personal jurisdiction lies with this Court because Howard University is a citizen of the District of Columbia.

5. Venue is proper because a substantial part of the events described took place in the District of Columbia.

## STATEMENT OF FACTS

### Mr. Abreu's First Years at College of Medicine

6. Plaintiff, Pablo Abreu, was a student at the Howard University College of Medicine. He enrolled as a student at the College of Medicine in 2017.

7. Mr. Abreu was dismissed from the College of Medicine on August 27, 2019. In a letter dated, August 27, 2019, the College of Medicine's Committee on Student Promotions and Graduation informed Mr. Abreu that he would be dismissed from the college because he made three unsuccessful attempts to pass the United States Medical Licensing Examination (UMSLE) Step 1. The letter referenced previous communications, where Mr. Abreu was allegedly advised of deadlines to prevent dismissal, including passing the UMSLE Step 1 by June 1, 2019, which Mr. Abreu never received.

8. Mr. Abreu first attempted the USMLE Step 1 after completion of his Spring 2017 studies.

9. Prior to the exam, which took place in June, Mr. Abreu used a 6-week window between the end of his classes and the exam to prepare. He contacted the College of Medicine's Dean of Academic Affairs to inform her that he had been struggling to pass practice exams, get advice about how best to prepare for the exam, and to receive additional time to prepare.

10. Mr. Abreu was allowed to attempt the exam in September. However, was informed that the College of Medicine only provides assistance with exam preparation after he has already failed an attempt.

11. Mr. Abreu took the exam on September 20, 2017, and failed. After failing the exam, he was given the option to take a leave of absence from the College of Medicine and attend an 8-

week intensive preparatory program approved by the College of Medicine in Champaign Illinois, the Pass Program.

12. Mr. Abreu remained at the program from January 29, 2018, to August 24, 2018. He covered the costs of his stay at the Pass Program including rent, food, practice exams, and USMLE fees.

## Mr. Abreu's Diagnosis

13. While attending the Pass Program, Mr. Abreu was advised to seek help from a medical professional. In May 2018, Mr. Abreu sought treatment from a psychologist at the University of Illinois, recommended to him by the Pass Program. After a few sessions, the psychologist gave Mr. Abreu a diagnosis of "Specific Phobia: Situational Type," ranking his severe testing anxiety to be in the 98th percentile, and concluded that he also screened positively for Attention Deficit Hyperactivity Disorder (ADHD).

14. With knowledge of his diagnosis, that same month, Mr. Abreu attempted to obtain an extension for his exam and sough an emergency loan to cover practice exams and living expenses as he prepared for the exam. The College of Medicine denied both requests.

15. On June 11, 2018, the school was notified by letter about Mr. Abreu's medical conditions, which was registered under the American with Disabilities Act. The clinical psychologist provided a letter noting that Mr. Abreu suffered from severe test anxiety. It noted Mr. Abreu's diagnosis of "Specific Phobia: Situational Type," and concluded that he also screened positively for ADHD. The psychologist's letter also stated that despite consistent efforts to challenge his anxiety, the difficulties he faced with test-taking anxiety could significantly impede Mr. Abreu's ability to make progress toward the licensure.

16. Mr. Abreu asked for the College of Medicine to set aside its policy of limiting to USMLE Step 1 attempts to 3. He was allowed to take the exam at a later date, but failed. After his second unsuccessful attempt at the exam, he was presented for dismissal, but he appealed by letter on September 19, 2018. The College of Medicine later granted a medical leave of absence, with no written expression of terms or expectations being delivered to Mr. Abreu of how he should proceed during the leave. The school offered no other accommodation.

### Mr. Abreu's Attempts to Mitigate

17. Mr. Abreu received no letter from the College of Medicine regarding the conditions of his leave of absence. During his leave he continued with self-directed study. His participation in the Pass Program and therapy were interrupted due to a car accident in December 2018, which prevented him from working, and lack of health insurance. He resumed therapy with a psychologist from the Westchester Medical Center, who wrote the school suggesting they set aside their policy on the number of attempts for the USMLE Step 1.

18. On June 10, 2018, the College of Medicine's dean contacted Mr. Abreu to alert him that he was in danger of dismissal for being out of compliance with a June 1, 2018, deadline for submitting a successful third USMLE Step 1, according to a leave of absence letter Mr. Abreu never received. Left with no accommodations from the College of Medicine, Mr. Abreu attempted the exam for a third time on June 22, 2019, and failed.

19. Despite Mr. Abreu's efforts to comply with the proper procedure to be successful on the exam, he was dismissed.

20. He completed the PASS program without financial aid, and he maintained contact with the college. However, the College of Medicine's failure to send him notice resulted in him being unprepared for his final attempt at the USMLE Step 1.

21. Damages include:

    a) Injunction for Plaintiff's readmission to the College of Medicine.

    b) Monetary damages to be determined.

    c) Reasonable attorney fees to be determined at the dissolution of this case.

22. Plaintiff seeks all damages to which it is entitled.

## COUNT I-BREACH OF CONTRACT

41 U.S.C. §6503

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 22 and incorporates them by reference as if fully set out herein.

24. Plaintiff entered into an implied agreement with Defendant to pursue his studies in good faith in exchange for a degree.

25. The terms of the implied contract can be found in the College of Medicine's Policies and Procedures manual.

26. The manual stated that the second Wednesday in July of the year the student completed their second year was the cutoff to pass the UMSLE Step 1.

27. In a letter dated August 27, 2019, Mr. Abreu was dismissed from the College of Medicine for not completing the exam by June 1, 2019.

28. The College of Medicine breached its contractual obligation when it dismissed Plaintiff before the manual's stated cutoff date for completion of the UMSLE Step 1.

## COUNT II-FAILURE TO ACCOMMODATE

## TITLE III, AMERICANS WITH DISABILITIES ACT
(42 U.S.C. § 12181)

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 28 and incorporates them by reference as if fully set out herein.

30. The College of Medicine is a public accommodation under Title III of the Americans with Disabilities Act.

31. Defendant discriminated against Plaintiff on the basis of his disability.

32. Plaintiff notified the College of Medicine of his diagnosis of "Specific Phobia: Situational Type" and ADHD on June 11, 2018.

33. The diagnosing psychologist noted that despite consistent efforts to challenge his anxiety, the difficulties he faced with test-taking anxiety could significantly impede Plaintiff's ability to make progress toward the licensure.

34. The College of Medicine made no individualized assessment into Plaintiff's impairment and made no accommodations based on the diagnosing psychologist's letter.

## COUNT III-FAILURE TO ACCOMMODATE
## SECTION 540, THE REHABILITATION ACT OF 1973
(29 U.S.C. § 794)

35. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 34 and incorporates them by reference as if fully set out herein.

36. Plaintiff notified the College of Medicine of his diagnosis of "Specific Phobia: Situational Type" and ADHD on June 11, 2018.

37. Despite the diagnosing psychologist noting that despite consistent efforts to challenge Plaintiff's anxiety and that the difficulties he faced with test-taking anxiety could significantly impede his ability to make progress toward the licensure, the College of Medicine made no individualized assessment into Plaintiff's impairment and made no accommodations based on the diagnosing psychologist's letter.

38. The College of Medicine received federal funding.

39. WHEREFORE, Plaintiff prays for relief as set forth below.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests of this Court:

A. Grant monetary damages in the amount of at least $75,795.

B. Grant Plaintiff reasonable attorney fees to be determined at the dissolution of this case.

C. Grant Plaintiff any additional damages and court costs, as the court deems necessary.

## **Jury Demand**

Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

_____/s/ Lucrecia P. Johnson___
Lucrecia P. Johnson, Esq.
**LPJ Legal PLLC**
700 Pennsylvania Ave SE, 2nd Floor
Washington, DC 20003
lucrecia@lpjlegal.com
(202) 643-6211
DC Bar# 1015623
*Attorney for the Plaintiff*