**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PABLO ABREU,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. 21-cv-397 (APM)** |
| **HOWARD UNIVERSITY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**<u>MEMORANDUM OPINION</u>**

**I.**

This case arises from the dismissal of Plaintiff Pablo Abreu ("Abreu"), a student, from Howard University College of Medicine ("the College"). Plaintiff filed this suit against Defendant Howard University ("the University"), bringing claims for (1) breach of contract, (2) failure to accommodate under Title III of the Americans with Disabilities Act ("ADA"), and (3) failure to accommodate under section 504 of the Rehabilitation Act. The University moved to dismiss the Complaint for failure to state a claim or, in the alternative, for summary judgment. The court granted the University's motion to dismiss on November 2, 2021, but granted Plaintiff leave to cure the defects identified by the court. Plaintiff then filed a First Amended Complaint on November 16, 2021. First Am. Compl., ECF No. 10 [hereinafter FAC]. The University has renewed its motion to dismiss or, in the alternative, for summary judgment. Def.'s Mot. to Dismiss First Am. Compl., ECF No. 11 [hereinafter Def.'s Mot.].

For the reasons that follow, the court grants the University's motion to dismiss the First Amended Complaint.

## II.

As with the University's original motion, the court will treat the University's renewed motion as one for dismissal. *See Abreu v. Howard Univ.*, No. 21-cv-397 (APM), 2021 WL 5081543, at *2 (D.D.C. Nov. 2, 2021). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating a motion to dismiss for failure to state a claim, the court must accept a plaintiff's factual allegations as true and "construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)). The court need not accept as true either "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "inferences . . . unsupported by the facts set out in the complaint," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Matters a court may consider on a motion to dismiss include "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, or documents upon which the plaintiff's complaint necessarily relies," even if they were produced by the defendant in a motion to dismiss. *Hinton v. Corr. Corp. of Am.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009) (citation and internal quotation marks omitted),

**III.**

The court presumes familiarity with the background facts of this case as set forth in its previous opinion granting the University's initial motion to dismiss and therefore discusses them only as necessary to resolve the instant motion. *See Abreu*, 2021 WL 5081543, at *1–2. Abreu adds few new allegations in his First Amended Complaint. *See* FAC. None of them alter the court's prior analysis of his claims.

**A.**

The court begins by briefly addressing Abreu's renewed claims under the ADA and Rehabilitation Act. The court previously dismissed these claims as time-barred under a one-year statute of limitations, which the court borrowed from the District of Columbia Human Rights Act as neither federal statute contains an express limitations period. *Abreu*, 2021 WL 5081543, at *3–4. Although Abreu seems to acknowledge this ruling, *see* Pl.'s Opp'n to Def.'s Mot. to Dismiss First Am. Compl., ECF No. 12, Pl.'s Mem. of Law, ECF No. 12-1 [hereinafter Pl.'s Mem.], at 2 n.1 (stating that the court previously "ruled that Plaintiff's ADA and Rehabilitation Act claims were barred by statute of limitations"), the two claims appear in identical form in his First Amended Complaint, with no new facts that would bring them within the applicable limitations period or give rise to tolling. FAC ¶¶ 50–59.

As a result, for the reasons previously identified, the court will dismiss the ADA and Rehabilitation Act claims as time-barred.

**B.**

Abreu's First Amended Complaint also reasserts his breach-of-contract claim.[1] The pleading includes additional factual allegations and a new theory that the University violated the

---

[1] Plaintiff once again includes an erroneous citation to 41 U.S.C. § 6503 in his First Amended Complaint. FAC at 6; *see Abreu*, 2021 WL 5081543, at *4 n.5 ("In the breach-of-contract count in his Complaint, Plaintiff inexplicably cites

duty of good faith and fair dealing by failing to grant his accommodation requests.  None of these changes save his claim.

First, the amendments to Abreu's original complaint largely reemphasize facts previously alleged and do not substantively address the primary deficiency of his claim:  that he was dismissed pursuant to the explicit provisions of the Policies and Procedures Manual ("Policy Manual") that constituted the terms of his alleged implied contract with the University.  *Abreu*, 2021 WL 5081543, at *5.  Abreu's new allegations include that he initially reached out to the Dean of Academic Affairs for assistance prior to his first attempt at the United States Medical Licensing Examination ("USMLE") Step 1; that the Dean's June 10, 2018, letter regarding Abreu's potential dismissal significantly impacted his mental health; and that he attempted to communicate with the College after his dismissal prior to initiating this litigation.  FAC ¶¶ 15, 24, 36–37.  None of these allegations impact whether his dismissal violated the University's contractual obligations, and Abreu does not appear to argue otherwise in either his amended complaint or his opposition to the University's motion.  *See generally* FAC; Pl.'s Mem. at 9–10.  After Abreu's failure to pass USMLE Step 1 three times, the terms of the parties' agreement permitted the University to dismiss Abreu pursuant to its policy.

Abreu also continues to maintain that the University violated its own policy by dismissing him for failing to have a passing USMLE Step 1 score prior to the second Wednesday in July of the year following the one in which he completed his sophomore year, a claim this court has

---

41 U.S.C. § 6503, which relates to contracts made for the 'manufacture or furnishing of materials, supplies, articles, or equipment.'" (citations omitted)).  Though he did not see fit to revise it when he had the opportunity, Plaintiff acknowledges his error.  *See* Pl.'s Mem. at 8 ("Plaintiff has already noted, and the Court has affirmed that these breach of contract claims will not be brought under 41 U.S.C. § 6503.").  The court will continue to treat this claim as a contract claim under the common law.

already rejected as contrary to both the alleged facts and the language of the Policy Manual.  *See Abreu*, 2021 WL 5081543, at \*5.

Next, Abreu tries to recast his ADA and Rehabilitation Act claims as contract claims by arguing that the University's failure to provide "reasonable" accommodations violated its contractual duty to act in good faith.  FAC ¶¶ 29, 45.  This contention is wholly without merit.  In the absence of explicit contractual language, there is no independent obligation on the part of the University to comply with anti-discrimination law.  *See Long v. Howard Univ.*, 512 F. Supp. 2d 1, 24–25 (D.D.C. 2007) ("The mere existence and applicability of federal discrimination laws does not create an additional common law contract claim to supplement a claim directly under those laws."), *aff'd*, 550 F.3d 21 (D.C. Cir. 2008); *see also Chenari v. George Washington Univ.*, 847 F.3d 740, 746 (D.C. Cir. 2017) (rejecting student's claim that failure to accommodate his ADHD was a breach of contract and the implied covenant of good faith).  Nor can Abreu shoehorn his accommodation claims into a claim for violating the covenant of good faith and fair dealing.  *See Jacobsen v. Oliver*, 201 F. Supp. 2d 93, 98 n.2 (D.D.C. 2002) (citing *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 91–92 (3d Cir. 2000) ("[A] party is not entitled to maintain an implied duty of good faith claim where the allegations of bad faith are identical to a claim for relief under an established cause of action." (internal quotation marks omitted))).  Abreu has not pointed to any provision of the College's Policy Manual that imposes an obligation on the University to provide reasonable accommodations to students.  *See* Def.'s Mot., Ex. 2, ECF No. 11-4.  In the absence of a contractual obligation, the University cannot have violated the implied covenant of good faith and fair dealing by allegedly failing to provide an accommodation.  *See Brown v. Sessoms*, 774 F.3d 1016, 1025 (D.C. Cir. 2014) ("Accordingly, the . . . defendants did

not breach the covenant of good faith and fair dealing by failing to do something they had no obligation to do.").

**IV.**

Because Abreu's amended complaint contains substantially the same defects as his original one, the University asks the court to dismiss his amended complaint with prejudice.  Def.'s Mot., Def.'s Mem. of Law, ECF No. 11-1, at 25.  Abreu has not asked this court for another opportunity to amend his complaint, as he did in his opposition to the University's first motion to dismiss. *Compare* Pl.'s Mem, *with* Pl.'s Opp'n to Def.'s First Mot. to Dismiss, ECF No. 7, at 15–16. Therefore, the court "will simply dismiss the complaint."  *Carty v. Author Sols., Inc.*, 789 F. Supp. 2d 131, 136 (D.D.C. 2011) (declining to rule on dismissal with prejudice when the plaintiff had not asked for leave to amend her complaint).

For the foregoing reasons, Howard University's motion to dismiss the First Amended Complaint, ECF No. 11, is granted.  A final, appealable order accompanies this Memorandum Opinion.


Dated:  June 17, 2022

Amit P. Mehta<br>
United States District Court Judge

6