UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **PABLO ABREU,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 21-cv-397 (APM) |
| **HOWARD UNIVERSITY,** | ) ) ) | |
| Defendant. | ) ) ) | |

### ORDER

The matter is before the court following remand from the D.C. Circuit to consider Defendant Howard University's alternative arguments for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Abreu v. Howard Univ.*, 93 F.4th 498, 503 (D.C. Cir. 2024). Those arguments are: (1) Defendant was not required to grant Plaintiff's requested accommodations because to do so would have required a fundamental alteration of its academic program, and (2) Plaintiff has failed to plead he was a "qualified" person capable of passing examination requirements with a reasonable accommodation. Def.'s Renewed Mot. to Dismiss Remanded Claims, ECF No. 25-1 [hereinafter Def.'s Mot.], at 1.

Taking the second argument first, the court finds that Plaintiff has satisfied his pleading burden as to that element. Drawing all reasonable inferences in the light most favorable to Plaintiff, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the June 5, 2018 letter from his treatment provider suggests that Plaintiff could have passed the USMLE Step 1 examination with more time

and additional testing opportunities. *See* Def.'s Mot., Ex. B, at 35–36 (ECF pagination)[1]; *see also Steere v. George Washington Univ.*, 368 F. Supp. 2d 52, 55 (D.D.C. 2005) ("A handicapped or disabled person is 'otherwise qualified' to participate in a program if [he] can meet its necessary requirements with reasonable accommodation.") (quoting *Kaltenberger v. Ohio Coll. of Podiatric Med.*, 162 F.3d 432, 435 (6th Cir. 1998)). Whether Plaintiff can carry his burden on a full factual record will have to await discovery.

As for Defendant's first argument, it is a close call. The court acknowledges that the clear weight of the caselaw favors Defendant, *see* Def.'s Mot. at 10–12 (citing cases), and that Plaintiff has cited no case arising in an academic setting that supports his position, *see generally* Pl.'s Opp'n to Def.'s Mot., ECF No. 31, at 10–13. Still, the court believes that the issue is better resolved on a full evidentiary record, as has occurred in other cases. *See* Def.'s Mot. at 11 (citing cases resolved on summary judgment). For instance, the court does not know Defendant's rationale for its three-strikes policy, whether it has granted exceptions to that policy in the past, or why it has rejected the more generous six-test maximum adopted by the National Board of Medical Examiners. A more fulsome factual record will allow the court to better assess whether granting Plaintiff's requested accommodations would have "fundamentally altered" the requirements of Defendant's academic program. Defendant also appears to have conceded on appeal that this is a fact-specific inquiry. *See* Pl.'s Opp'n at 13–14 (conceding in response to a question from Judge Wilkins that there might be circumstances in which permitting a fourth examination could be deemed a reasonable accommodation).

---

[1] The court may consider this letter in resolving Defendant's Rule 12 motion, as it is incorporated by reference in Plaintiff's Proposed Second Amended Complaint. *See E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); Pl.'s Mot. to Amend Compl., ECF No. 24, Proposed Second Am. Compl., ECF No. 24-3, ¶ 18.

2

For the foregoing reasons, Defendant's renewed motion to dismiss, ECF Nos. 25-1, 27, is denied. Plaintiff's Motion to Amend the Complaint, ECF No. 24, is granted. Plaintiff's Second Amended Complaint, ECF No. 24-3, shall be the operative pleading in this matter.

Dated: January 30, 2025

                                                Amit P. Mehta
                                                United States District Court