UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PABLO ABREU, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) Case No. 1:21-cv-00397-APM ) |
| | ) Judge Amit P. Mehta |
| HOWARD UNIVERSITY, | ) ) |
|       Defendant. | ) ) |

**LCvR 16.3 JOINT REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Civil Rule 16.3, and the Court's Order for Initial Scheduling Conference (ECF No. 37), the Parties respectfully submit this Joint Report. The Parties' proposed Scheduling Order is included as Attachment A to this Joint Report.

Statement of the Case

*Plaintiff*. Plaintiff Pablo Abreu ("Plaintiff") was a medical student at the Howard University College of Medicine ("HCOM") who failed the USMLE Step 1 licensing examination three times. HCOM then dismissed him in accordance with its Policies and Procedures Manual.

Plaintiff claims in Count I of the Second Amended Complaint that the University unreasonably failed to accommodate his severe testing anxiety, which he claims was a disability, in violation of Title III of the Americans with Disabilities Act (42 U.S.C. § 12181). In Count II, Plaintiff makes essentially the same claim under Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794).

*Defendant.* The University denies any wrongdoing or violation of the disability statutes relied on by Plaintiff, and Plaintiff must carry his burden of proof on each element. The University also listed defenses with its Answer, including (without limitation) that Plaintiff was not a "qualified" individual within the meaning of the Americans With Disabilities Act or the Rehabilitation Act; the University was not obligated under those statutes to make the fundamental alteration of its curriculum at that time and program requirements that Plaintiff sought; the claims are barred by waiver, laches, estoppel, and unclean hands; and Plaintiff failed to mitigate his damages.

Joint Report Topics

### 1.    Likelihood of Disposition by Dispositive Motion

*Defendant.* The University plans to submit a motion for summary judgment, most likely after the close of discovery.

*Plaintiff.* Plaintiff reserves the right to file a motion for summary judgment after the close of discovery.

### 2.    Joinder, Amendment to Pleadings, and Narrowing of Issues

*The Parties.* The Parties agree that they may seek to join additional parties, or file amended pleadings, before the Initial Scheduling Conference on March 21, 2025.

### 3.    Assignment to Magistrate Judge

*The Parties.* The Parties do not believe the case should be assigned to a Magistrate Judge for all purposes.

### 4.    Possibility of Settlement

*The Parties.* The Parties have engaged in settlement discussions, but have reached an impasse with no final agreement. Both Parties are willing to discuss settlement further.

5. **Alternative Dispute Resolution Procedures**

*The Parties.*  The Parties believe that mediation could be productive, but only after the close of discovery.

*Defendant.*  The University's counsel has discussed ADR with the University.

6. **Resolution by Summary Judgment or Motion to Dismiss**

*The Parties.*  Motions for summary judgment should be filed according to the schedule set forth in the Parties' proposed Scheduling Order, included here as Attachment A.

7. **Stipulations Regarding Initial Disclosures**

*The Parties.*  The Parties stipulate to dispense with Initial Disclosures.

8. **Discovery**

*The Parties.*  The Parties stipulate that discovery shall be completed by November 13, 2025.

9. **Issues about Disclosure, Discovery, or Preservation of Electronically Stored Information**

<u>Protective Order</u>

*The Parties.*  The Parties expect that discovery will be sought of medical and psychological information concerning Plaintiff, and possibly other, relevant confidential personal or financial information in the hands of the Parties or third parties.  To protect the confidentiality of such materials, the Parties propose that the Court enter the Stipulated Protective Order in the form attached here as Attachment B.

<u>Other Students' Records</u>

<u>Plaintiff</u>:  Plaintiff will be seeking information as to whether the school has ever allowed a student to take the USMLE Step 1 exam more than three times.  He will also seek to obtain his entire student file, documents related to his accommodation request, all communications

3

concerning Plaintiff's request for accommodations and to take the USMLE Step I exam between Plaintiff and Defendant and all non-privileged communications among agents of the Defendant.

Plaintiff states that he does not seek to obtain personally identifiable information about any other student, and the requirement for a FERPA Order proposed by Defendant below should not apply unless the educational records reveal personally identifiable information.

*Defendant*:  Defendant asks the Court to enter an Order in the form attached as Attachment C addressing compliance for discovery purposes with the student privacy requirements under FERPA, 20 U.S.C. § 1232g, and its regulations.  As set forth below, Plaintiff intends to seek discovery of education records of other past or present students at the University. The University may object to such discovery on any grounds permitted under the Federal Rules. However, even if no such objection is made, FERPA requires that students (or their parents) be given notice of a court-required disclosure of education records "in advance of compliance, so that the parent or eligible student may seek protective action," subject to certain inapplicable exceptions.  34 C.F.R. § 99.31(a)(9)(ii). The Parties ask that the Court enter the proposed "FERPA Order" included in Attachment C to implement FERPA's advance-notice and protective-action requirements.

ESI:

The Parties acknowledge that they are required to preserve relevant electronically stored information ("ESI").

The Parties agree, where possible, to produce ESI for file types that can be converted to image format in a legible manner that faithfully recreates the native file's text and graphical content, in searchable PDF format for all documents that are not redacted for privilege or some other reason.  The Parties also agree, where possible, to produce ESI for file types that cannot be

converted to image format in a legible format in a legible manner that faithfully recreates the native file content (i.e. Excel spreadsheets and similar) or in native format.

<u>Mental Health Records</u>

*Defendant*.  The University plans to send subpoenas to the four psychologists who made recommendations about Plaintiff's claimed disability and were listed by Plaintiff in paragraph 22 of the Second Amended Complaint (Drs. Cedeno, Joffe, JalaiRoudsari and Nikayin).  The University may also send subpoenas to any other mental-health providers identified through discovery.

The University plans to seek an Independent Mental Health Examination of Plaintiff pursuant to Fed. R. Civ. P. 35 to probe his claims of a mental-health disability.  The Examination by a licensed and qualified psychologist may include a private interview session and diagnostic testing.

**10.    Issues about Claims of Privilege or Protection as Trial Preparation Materials**

*The Parties*.  The inadvertent disclosure of privileged materials shall be governed by Fed. R. Evid. 502(b) and Fed. R. Civ. P. 26(b)(5)(B).

**11.    Expert Witnesses**

*The Parties*.  The Parties agree that expert witnesses may be necessary and propose the following schedule, as set forth in the Proposed Schedule Order included in Attachment A:

a.  Plaintiff's expert reports and disclosures, consistent with Rule 26(a)(2), shall be made no later than September 15, 2025.

b.  Defendant's expert reports and disclosures, consistent with Rule 26(a)(2), shall be made no later than October 15, 2025.

c.  Each party shall have until the close of discovery to depose the other party's expert(s).

12. **Class Actions**

*The Parties.*  The provisions of this paragraph are not applicable because this case is not a class action.

13. **Bifurcation of Trial or Discovery**

*The Parties.*  The Parties do not anticipate that there will be a need for bifurcation of either trial or discovery on liability and damages.

14. **Pretrial Conference Date**

*The Parties.*  The Parties agree that the pretrial conference date should be scheduled by the Court following its ruling on any motions for summary judgment or, if no such motion is filed, after the deadline for filing such a motion.

15. **Trial Date**

*The Parties.*  The Parties agree that the Court should set a trial date, if necessary, at the pretrial conference.

16. **Other Matters**

*The Parties.*  The Parties agree that service of all pleadings, motions, discovery requests, and delivery of all correspondence may be made by electronic mail where practicable.

*Defendant.*  In the event that Plaintiff should seek discovery of educational records of other students, the University may not make such disclosure except as authorized by the Family Education Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, and its regulations including without limitation. 34 C.F.R. § 99.31(a)(9)(ii).  If necessary, the University will apply to the Court to establish a procedure for compliance with FERPA requirements.

Dated: March 14, 2025							Respectfully submitted,


*/s/ Pablo Abreu, Jr.*						*/s/ Daniel I. Prywes*
Pablo Abreu, Jr.						Daniel I. Prywes (D.C. Bar No. 342394)
2801 Matthews Avenue					Rebecca K. Connolly (D.C. Bar No. 1742372)
2nd Floor							Morris, Manning & Martin, LLP
Bronx, NY  10462						1333 New Hampshire Ave., NW
(315) 264-4376						Suite 800
pabreujr@gmail.com					Washington, DC  20036
								Phone: (202) 216-4800
*Plaintiff, Pro Se*						Fax:    (202) 408-5146
								dprywes@mmmlaw.com
								rconnolly@mmmlaw.com

								*Counsel for Defendant Howard University*